UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ASHLEIGH COFFMAN, *on behalf of herself and all others similarly situated* ) ) ) PLAINTIFF, ) ) v. ) ) CALIFORNIA UNIVERSITY OF PENNSYLVANIA ) ) ) DEFENDANT ) | Case No. 2:20-cv-733 **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

---

Plaintiff, Ashleigh Coffman ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendant, California University of Pennsylvania (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid to attend California University of Pennsylvania for the Spring 2020 semester. Such persons paid all or part of the tuition for this semester that ranged, for full-time students, from approximately $3,858 - $7,523 for between 12 and 18 credit hours ($322 - $629 for each additional credit hour). The University has not refunded any amount of the tuition, even though it has implemented online distance learning since March 30, 2020 because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic.

2. This Complaint comes at a time of great hardship for so many Americans, as each day brings disconcerting news regarding the novel coronavirus COVID-19. Efforts to enforce and

encourage social distancing and stay-at-home orders have prompted colleges and universities across the country to shut down their campuses and switch to online "distance" learning.

3. The University's failure to provide the services for which tuition was intended to cover since approximately March 30, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class, and is unjust.

4. In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

5. Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition, proportionate to the amount of time that remained in the Spring Semester 2020 when the University closed and switched to online distance learning.

**PARTIES**

6. Plaintiff Ashleigh Coffman is a citizen of Pennsylvania. She paid to attend the Spring 2020 semester at the University. Plaintiff paid tuition for the Spring 2020 semester to enable her to obtain an in-person, on-campus educational experience for certain of her classes. She has not been provided a pro-rated refund of the tuition she paid for her in-person classes that were discontinued and moved online.

7. Defendant, the California University of Pennsylvania, is a public university in California, Pennsylvania that was founded in 1852 as an academy for kindergarten through college-level courses. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate program includes students

from many, if not all, of the states in the country. Its principal campus is located in California, Pennsylvania. Defendant is a citizen of Pennsylvania.[1]

## JURISDICTION AND VENUE

8.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

9.  This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS.

11. Plaintiff and Class Members paid tuition to attend the University's Spring 2020 semester. The Spring 2020 semester at the University began on or about January 21, 2020. The Spring 2020 semester ended on or around May 4, 2020.

12. Tuition costs at the University or the Spring 2020 Semester for undergraduate students were as follows:

---

[1] Plaintiff believes it possible, if not likely, that the University's Council of Trustees and/or its members will also be named as Defendants after additional material in the University's possession regarding the allegations herein are produced. *See generally* https://www.calu.edu/calu-difference/council-trustees.aspx and linked Council Meeting Notes.

3

**Undergraduate Tuition (Pennsylvania Residents)**

| TYPE OF STUDENT | NUMBER OF CREDITS | COST PER SEMESTER |
|---|---|---|
| **FULL-TIME UNDERGRADUATE** | 12 to 18 credits | $3,858.00 |
| **FULL-TIME UNDERGRADUATE** | for each additional credit | $322.00 |
| **PART-TIME UNDERGRADUATE** | for each credit less than 12 | $322.00 |
| **SUMMER/SPECIAL SESSION STUDENTS** | for each credit | $322.00 |

**Undergraduate Tuition (Non-Pennsylvania Residents)**

| TYPE OF STUDENT | NUMBER OF CREDITS | COST PER SEMESTER |
|---|---|---|
| **FULL-TIME UNDERGRADUATE** | 12 to 18 credits | $5,787.00 |
| **FULL-TIME UNDERGRADUATE** | for each additional credit | $482.00 |
| **PART-TIME UNDERGRADUATE** | for each credit less than 12 | $482.00 |
| **SUMMER/SPECIAL SESSION STUDENTS** | for each credit | $482.00 |

**International Students**

| TYPE OF STUDENT | NUMBER OF CREDITS | COST PER SEMESTER |
|---|---|---|
| **FULL-TIME UNDERGRADUATE** | for 12 to 18 credits | $7,523.00 |
| **FULL-TIME UNDERGRADUATE** | for each additional credit | $629.00 |
| **PART-TIME UNDERGRADUATE** | for each credit (less than 12) | $629.00 |
| **SUMMER/SPECIAL SESSION STUDENTS** | for each credit | $629.00 |

13. For graduate students, tuition costs were $516.00 per credit for Pennsylvania residents and $774.00 per credit for non-Pennsylvania residents.

14. Plaintiff and the members of the Class paid tuition for the benefit of on-campus, live interactive instruction, and an on-campus educational experience throughout the entire Spring 2020 semester.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes*

15. On March 16, 2020, the University announced that as of March 30, 2020, all students would be completing their coursework online or through other distance learning platforms for the remainder of the spring semester.

16. Specifically, on March 16, 2020, University President Geraldine M. Jones issued a new university-wide letter that stated in pertinent part that:

> Consequently, **Cal U will move to remote operations beginning Wednesday, March 18**. All classes will be delivered online or via distance learning. After preparing their courses for online/distance learning, faculty will be teaching remotely. With the exception of those essential employees required to maintain campus safety and vital operations, employees will be working remotely as well.
>
> **WHAT DOES THIS MEAN FOR STUDENTS?**
>
> - If you are enrolled in a 100% online program, it's "business as usual." Continue your courses as planned. If you are taking one or more classes online, your classes resumed as scheduled after the regular spring break.
>
> - If you are enrolled in an on-campus (face-to-face) program, you are currently on an extended break until March 27. Beginning March 30, all of your on-campus courses will be taught via online/distance education until further notice.
>
> - Our residence halls will be closing. All students with rooms in the residence halls are asked to remove their belongings and check out no later than 4 pm. Sunday, March 22. Dining services will end and access to the halls will be restricted after that time. If you have questions, please contact the Housing Office at 724-938-4444. ***Additional details regarding refunds for housing and dining services will be provided at a later date.***

- The off-campus apartments at Vulcan Village will remain open.  All activities are canceled until further notice.  **No visitors are allowed** and no gatherings or parties are permitted.

- Student teachers, interns and students engaged in other experiential learning should NOT report to their internship/learning sites.  As outlined in the March 15 email to students (see "Important Messages" at calu.edu/coronaplan), please notify the appropriate person at your internship/fieldwork site and contact your professor to explore the possibility of alternate learning activities.

- Student workers and graduate assistants will continue to be paid, but they should NOT report to work until further notice.

- Manderino Library will be closed, but students can access library services online through the library's website.  Librarians will be on call.  Cal U is aware that some students may lack the technology needed to complete coursework online.  *Watch your campus email for further information on this topic.*

[. . .]

17. The University has not held any in-person classes since March 6, 2020, which was just before the commencement of its Spring Break that was initially scheduled to end on March 12, 2020.  All classes that have continued since March 30, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

### *The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees*

18. Students attending the University's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

19. On its website, the University markets the University's on-campus experience as a benefit of enrollment:

6

# THE CAL U CAMPUS

*294 Acres with Something for Everyone*

The campus at California University of Pennsylvania has been designed with **student success** in mind.

The first thing you'll notice when you visit Cal U is the stunning **natural beauty** of the campus. The University isn't only beautiful, it's also full of things to do.

Cal U's campus is 294 acres of:

- Rewarding **activities** and **opportunities**, including over 100 student clubs.

- **Top-quality living** with spacious housing and an on-campus farm.

- Excellent **resources,** including our top-ranking Natali Student Center.

- Strong **community** for residents and commuters alike.

- Rich cultural **diversity** and a vibrant multicultural center.

[…]

## A Community of Success

With more than **100 student clubs** and organizations, plus many other ways to volunteer and engage with the University community, Cal U encourages active participation in character- and resume-building activities.

## A Campus Full of Resources

- Access a wealth of information in our state-of-the-art Manderino Library.

- Get the support you need to achieve your best in our Office of Academic Success.

- Socialize in a space made just for you: the Natali Student Center.

- Stay healthy with 24-hour services provide by the Student Health Center.

- Take part in community-building events at our Multicultural Center.

20. The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.

21. Many courses conducted during the online portion of the Spring 2020 semester used programs by which previously recorded lectures were posted online for students to view on their own. Other courses involved professors simply posting notes online for students to review. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in interpersonal skill development. Further, the online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

22. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

23. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life

fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the University can charge the tuition it charges, are not being provided.

24.     The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar online distance learning.

25.      Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition they paid for the Spring 2020 semester.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:  All persons who paid tuition for a student to attend in-person class(es) during the Spring 2020 semester at the University but had their class(es) moved to online learning (the "Class").

27.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

28.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, the University has reported that 4,856 undergraduate students and 1,986 graduate students enrolled for the 2019-2020 school year.[2]  The names and addresses of all students is known to the University and can be identified through the University's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

---

[2] https://www.calu.edu/calu-difference/fast-facts/index.aspx.

9

29. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education throughout the Spring 2020 semester;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 18, 2020; and

   c. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

30. The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

31. The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members whom she seeks to represent, Plaintiff has retained competent counsel who is experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

32. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

33. Plaintiff repeats and re-alleges the allegations contained in all preceding Paragraphs as if fully alleged herein.

34. Plaintiff brings this claim individually and on behalf of the members of the Class.

35. By paying the University tuition for the Spring 2020 semester, the University agreed to, among other things, provide an in-person and on-campus live education throughout the Spring 2020 semester. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

36. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education

during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

37. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition they each paid during the portion of the Spring semester in which in-person classes were discontinued by the University.

38. The University should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

39. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 11-25 as if fully alleged herein.

40. Plaintiff brings this claim individually and on behalf of the members of the Class.

41. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition paid for the Spring 2020 semester. The payment of this tuition was to be, in substantial part, in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

42. The University has retained the full benefit of the tuition payments by Plaintiff and the members of the Class for the Spring 2020 semester, yet has failed to provide the quality of education and services for which the tuition was paid, including those for an in-person and on-campus live education.

43. Accordingly, the University has been unjustly enriched in the amount of the pro-rated portion of the tuition it retained corresponding to the portion of the Spring semester in which in-person classes were discontinued by the University.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 20, 2020				Respectfully submitted,

						*/s/ Gary F. Lynch*
						Gary F. Lynch
						Edward W. Ciolko
						Kelly K. Iverson
						James P. McGraw
						**CARLSON LYNCH LLP**
						1133 Penn Avenue
						5th Floor
						Pittsburgh, PA 15222
						P (412) 322-9243
						F. (412) 231-0246
						E. glynch@carlsonlynch.com
						   eciolko@carlsonlynch.com
						   kiverson@carlsonlynch.com
						   jmcgraw@carlsonlynch.com


						*Counsel for Plaintiff and Proposed Class*